UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON MUSE AND TANISHA HORTON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-14919** |
| **ELIZABETH MCCLUNG, DANNY MCCLUNG, LORI HOOD AND AMICA MUTUAL INSURANCE COMPANY** | **SECTION: "J" (4)** |

### ORDER

Before the Court is Plaintiffs', Brandon Muse and Tanisha Horton, **Motion for Leave of Court to File Plaintiffs' First Amended Petition (R. Doc. 22)**, seeking an order to add originally named defendant, Elizabeth McClung, who was dismissed, without prejudice, for lack of proof of service. The motion is opposed, although no opposition memorandum was filed. The motion was submitted on September 27, 2017.

### I.      Background

This diversity action was removed from the Civil District Court for the Parish of Orleans on September 23, 2016. R. Doc. 1. Plaintiffs allege that, on or about October 26, 2015, Brandon Muse ("Muse") was operating a vehicle owned by Tanisha Horton ("Horton"), who was riding as a passenger. *Id.* On that same day, they were involved in a car accident on South Claiborne Avenue in the Parish of Orleans, State of Louisiana, with Elizabeth McClung ("McClung"), who allegedly improperly changed lanes. R. Doc. 1-1, p. 2. As a result of the accident, Muse alleges he suffered severe and disabling injuries. *Id.* at p. 3.

The vehicle being operated by McClung was owned by Lori Hood and/or Danny McClung. *Id.* On the date of the accident, McClung was allegedly on a mission or on an errand for Lori Hood and/or Danny McClung. *Id.*

At the time of the accident, Amica Mutual Insurance Company ("Amica") provided an automobile liability insurance policy on the vehicle owned by Lori Hood and/or Danny McClung. *Id.* at p. 3. Amica was sued pursuant to the Louisiana Direct Action statute.

On August 17, 2016, Plaintiffs' sued McClung, Lori Hood, Danny McClung, and Amica, jointly and *in solido*, for personal injury and property damages. *Id.* at p. 1. At the time Plaintiffs filed their lawsuit, McClung was an out-of-state student, attending Tulane University. R. Doc. 22-1, p. 2. As a result, Plaintiffs believed that McClung was a resident of Texas. *Id.* at p. 4. Plaintiffs sent citation and a copy of the petition to the Texas address listed on a police report for McClung; however, the mail sent to that address was refused on September 21, 2016, and returned to Plaintiffs' Counsel. *Id.* On September 23, 2016, Amica removed the case to this Court. *Id.*; R. Doc. 1. On March 15, 2017, McClung, as well as Danny McClung and Lori hood, were all dismissed, without prejudice, for lack of service. R. Doc. 9.

On August 1, 2017, Plaintiffs deposed McClung and learned that her current address is in New Orleans, Louisiana. *Id.* McClung testified that she had been living in New Orleans since the summer of 2015 and recently took a job in Kenner, Louisiana, and has no plans to return to Texas. *Id.* After obtaining this information, Plaintiffs filed the instant motion to amend.

Plaintiffs seek to amend their petition to name non-diverse party, Elizabeth McClung, because they recently learned that she lives in Kenner, Louisiana. R. Doc. 22. Plaintiffs acknowledge that McClung's joinder has the potential to destroy diversity, arguing that they seek to add McClung to the lawsuit because she is the actual negligent party who caused the accident. R. Doc. 22-1, p. 6. Plaintiffs contend that, if their motion is denied, the only way to recover from McClung would be to file a separate state lawsuit. *Id.*

## II.   Standard of Review

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or

2

the court's leave." Fed. R. Civ. P. 15(a)(2).  Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.*  In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir.2002)).  When denying a motion to amend, the court must have a "substantial reason," considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994).  An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir 2003)).

Nonetheless, the Court "should scrutinize an amended pleading naming a non-diverse defendant in a removed case 'more closely than an ordinary amendment.'" *Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013) (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).  This increased scrutiny is rooted in 28 U.S.C. 1447(e), which states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the Court may deny joinder or permit joinder and remand action to State Court."

The Fifth Circuit has developed a four-part analysis for determining if the amendment should be allowed: "[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the

3

equities." *Hensgens*, 833 F.2d at 1182; *see also Priester v. JPMorgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir. 2013) (noting that *Hensgens* factors are used "in determining whether to permit joinder of non-diverse parties").

## III.   Analysis

Plaintiffs seek to add McClung, operator of the vehicle, as a non-diverse defendant. R. Doc. 22.  Plaintiff acknowledge that joinder of McClung would destroy diversity; however, Plaintiffs contend that they have sought judgment against McClung for her role in the accident since the inception of this lawsuit.  Plaintiffs further contend that, if the Court denies the motion for leave to amend, the only way to recover from McClung would be to file a separate state lawsuit.

Defendants have opposed the motion, but did not file an opposition memorandum. Nevertheless, because the Plaintiffs are attempting to add a non-diverse party through their amendment, the *Hensgens* factors are the appropriate means of evaluating the Plaintiffs' motion. Applying those factors to the instant motion, the Court finds that the factors weigh in favor of denying Plaintiffs' request.

### A.   First *Hensgens* Factor

The first *Hensgens* factor, which analyzes the extent to which the purpose of the amendment is to defeat diversity jurisdiction, weighs against granting the motion to amend. "When analyzing the first *Hensgens* factor, district courts have considered whether the plaintiffs knew or should have known the identity of the non-diverse defendant when the state court complaint was filed." *Schindler v. Charles Schwab & Co., Inc.*, No. 05-0082, 2005 WL 1155862, at *4 (E.D. La. May 12, 2005) (Africk, J.).  Courts have also recognized that when a plaintiff states a valid claim against a defendant, it is unlikely that the primary purpose of bringing those defendants into a litigation is to destroy diversity jurisdiction." *Schindler*, 2005 WL 1155862, at *3.

Here, Plaintiffs submit that the purpose of the amendment is not to destroy diversity. In particular, Plaintiffs named McClung as a defendant in their state court Petition as the negligent driver who caused Plaintiffs' injuries; however, because Plaintiffs did not have the proper address at the time of service, McClung was involuntarily dismissed, without prejudice, for lack of service.

Although McClung, formerly a student in Louisiana who was a resident of Texas, was sued in the original complaint, Plaintiffs' Counsel was not able to timely serve her. At the time of the accident, McClung was a student in Louisiana; however, she was a resident of Texas. Service was attempted in Texas; however, since the accident, McClung had relocated to Louisiana. As a result, the mail sent to the Texas address was refused. Absent proof of service in the record, the claim against McClung was dismissed, without prejudice, in March 2017. The dismissal of McClung, however, did not significantly impact Plaintiffs' claim because her presence was not essential to the claim. In Louisiana, a claim of this type can be asserted directly against the negligent party's insurer. La. Rev. Stat. § 22:1269(B)(1).

There is no question that the Plaintiffs knew of McClung at the time the suit was filed and named her in the original complaint. The question is whether Plaintiffs' later attempt to add McClung to correct an error is an attempt to destroy diversity. The Court finds that, where the defendant is not a necessary party and only a preferred party, as in this case, an attempt to later add the non-diverse defendant after discovering her correct address some five months later is nothing more than an attempt to destroy diversity jurisdiction. As such, this factor weighs against granting leave to amend to add McClung.

   B.   **Second *Hensgens* Factor**

The second *Hensgens* factor, whether Plaintiffs have been dilatory in asking for amendment, weighs in favor of granting the amendment. While courts often look to the amount of time that has passed between the filing of the original complaint and the amendment and the amount of time between removal and the amendment when determining if a plaintiff was dilatory

5

in seeking to amend, *see Tomlinson v. Allstate Indem. Co.*, No. Civ. A. 06-0617, 2006 WL 1331541, at *6 (E.D. La. May 12, 2006), the Court need not conduct that analysis here.

In this case, Plaintiffs named McClung as a defendant in their state court Petition on August 17, 2016. On September 23, 2016, the case was removed to this Court, and on March 15, 2017, McClung was dismissed, without prejudice, for lack of service. On August 1, 2017, Plaintiffs deposed McClung, learning her address. Thirty-one days after obtaining this information, Plaintiffs filed the instant motion to amend. Based on the foregoing facts and timeline, the Court finds that the proposed amendment is not dilatory.

Moreover, on July 25, 2017, the Court continued trial and pretrial dates, vacating the original Scheduling Order. R. Doc. 19. With no current amendment to pleadings deadline, the Court further finds that the request to amend was not dilatory. As such, the second factor weighs in favor of allowing the amendment.

### C. Third *Hensgens* Factor

The third *Hensgens* factor, whether Plaintiffs will be significantly injured if the amendment is not allowed, weighs against granting the amendment. While the rule states "significant injury," the general approach in this District has been focused mostly on the inefficiency, waste of judicial resources, danger of inconsistent results, and cost to the Plaintiffs that results from forcing the Plaintiffs to bring a separate suit on the valid claim. *See Legaux v. Borg-Warner Corp.*, Civil Action No: 16-13773, 2016 WL 6069770, at *4 (E.D. La. Oct. 17, 2016); *Schindler*, 2005 WL 1155862, at *4 (finding that the third *Hensgens* factor weighed in favor of the plaintiff because it was equally clear that duplicative lawsuits arising out of the same facts in two different courts would waste the parties' resources, potentially lead to inconsistent results, and hamper plaintiffs' efforts to effectively litigate her claims); *Herzog*, 2002 WL 31556352, at *2-3 (finding that the third *Hensgens* factor favored the Plaintiff because forcing the Plaintiff to file a separate suit on the same facts is inefficient and a waste of judicial resources).

6

Pursuant to La. Rev. Stat. § 22:1269(B)(1), "[an] injured person . . . at their option shall have a right of direct action against the insurer within the terms and limits of the policy; and such action may be brought against the insurer alone, or against the insured and insurer jointly and in solido, in the parish in which the accident occurred."  "Such action may be brought against the insurer alone . . . when . . . service or citation or other process cannot be made on the insured." La. Rev. Stat. § 22:1269(B)(1)(c).  Hence, the right of direct action against a liability insurer in a Louisiana court is expressly conferred by statute under the condition that the accident occurred in Louisiana. *See Esteve v. Allstate Ins. Co.*, 351 So. 2d 117, 120 (La. 1977).

In its Answer, Amica admits that it issued an insurance policy on the vehicle being operated by McClung at the time of the accident. R. Doc. 4, p. 5.  The Court also notes Plaintiffs' desire to name McClung to recover for the injuries she caused.  In fact, McClung was a Texas resident at the time the suit was filed.  It was not until after she graduated from Tulane that she took a job in Kenner, Louisiana, and her residency and citizenship changed. R. Doc. 22-1, p. 2.  However, under the direct action statute, Plaintiffs can pursue its cause of action solely against Amica and recover damages for the injuries allegedly caused by McClung.  In other words, McClung's presence in this lawsuit is not required for Plaintiffs to seek recovery, eliminating the threat of having to file a separate state lawsuit.  As such, this factor weighs against granting leave to amend to add McClung.

D.     **Fourth *Hensgens* Factor**

Finally, when determining "other factors," the Court typically balances the competing interests of the parties. *Tomlinson*, 2006 WL 1331541, at *6.  Courts have noted that the defendant "has a compelling interest in maintaining the federal forum.  The rationale behind removal statutes is that diverse defendants have an option of selecting a state or federal forum." *Id.* (citing *Campagna v. Averitt Express, Inc.*, No. Civ. A. 99-1007, 1999 WL 386652, at *2 (E.D. La. June 10, 1999).  The Fifth Circuit has held that, when an amendment would destroy jurisdiction, "most

7

authorities agree that leave should be denied in the absence of strong equities in favor of amendment." *Campagna,* 1999 WL 386652, *1, n.6 (citing *Whitworth v. T.N.T. Bestway Transp. Inc.,* 914 F. Supp. 1434 (E.D. Tex. 1996) (citing *Hensgens,* 833 F.2d at 1182)).

The Court finds that denial of Plaintiffs' motion will not prejudice them, as they have a direct action against Amica, under the Louisiana direct action statute, for the damages they seek to recover. Further, there is no evidence to indicate that McClung is an indispensable party to this litigation. *See Lumbermen's Mut. Cas. Co. v. Elbert*, 348 U.S. 48, 52 (1954) (finding that a tortfeasor in a Louisiana direct action against the insurer is not an indispensable party). Given that there is no significant injury to Plaintiffs in denying the amendment and the certainty that subject matter jurisdiction would be destroyed, the overall balance weighs in favor of denying the amendment. As such, the fourth factor weighs against granting leave to amend to add McClung.

Considering the *Hensgens* factors, factors 1, 3 and 4 weigh against granting the motion. Therefore, the motion is denied.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiffs' **Motion for Leave of Court to File Plaintiffs' First Amended Petition** (**R. Doc. 22**) is **DENIED.**

New Orleans, Louisiana, this 3rd day of November 2017.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**